Núm. 7715.—Sierra, etc., aplda. *v.* Vieta, aplte.—C. D. Humacao. ▆▆▆▆▆▆▆▆▆ Junio 20, 1939.

(Por la Corte, a propuesta del Juez Asociado Sr. Hutchison.)

Por cuanto, los únicos supuestos errores señalados por el apelante son los siguientes:

"1. La corte inferior abusó de su discreción y ejercitó indebidamente su facultad de *parens patriae* al negar al demandado oportunidad de poder cumplir con su deber de padre, alimentando, cuidando y educando a su hijo de siete años, Tito René, en su propio hogar.

"2. La corte inferior cometió grave error al declarar probado los hechos esenciales de la demanda a pesar de no haber prueba alguna que demostrara que el demandado fuera un hombre que tuviera $100,000 de capital.

"3. La corte inferior actuó con pasión, prejuicio y parcialidad manifiesta al fijar la cuantía de la pensión alimenticia en $50.00 mensuales.

"4. La corte inferior cometió grave error al condenar al demandado a pagar las costas incluyendo honorarios de abogado y actuó con prejuicio, pasión y parcialidad manifiesta al fijar los honorarios en $200."

Por cuanto, oídas ambas partes en el acto de la vista, examinados los alegatos y la prueba practicada, así como los únicos casos citados por el apelante en su alegato, no encontramos abuso alguno de discreción, ni ejercicio indebido de la facultad de *parens patriae* por parte de la corte de distrito al negar al demandado oportunidad de poder cumplir con su deber de padre, alimentando, cuidando y educando en su propio hogar a su hijo demandante.

Por cuanto, para probar los hechos esenciales de la demanda y para sostener la sentencia dictada por la corte de distrito, no era necesario demostrar que el demandado tuviera $100,000 de capital, o sea la suma exacta alegada en la demanda como el montante de dicho capital.

POR CUANTO, no estamos conformes en que la corte de distrito actuó con pasión, prejuicio y parcialidad manifiestos al fijar la cuantía de la pensión alimenticia en $50 mensuales.

POR CUANTO, tampoco encontramos abuso alguno de discreción en la condena de costas, inclusive de honorarios de abogado, ni prejuicio, pasión o parcialidad al haberse fijado dichos honorarios en $200.

POR CUANTO, si bien el demandado tuvo amplia oportunidad de facilitar a la corte de distrito datos tales que hubieran eliminado la posibilidad de alguna injusticia y toda duda en cuanto a la suma mensual que pudiera pagar sin sacrificio de sus propios intereses, y lejos de aprovechar dicha oportunidad, adoptó una actitud evasiva y carente de franqueza—y si bien otras circunstancias sospechosas, unidas a tal actitud, seguramente no inspiraban confianza en la mente del juzgador, ni justificaban una aceptación sin reserva de la manifestación hecha por el demandado como testigo en cuanto al montante de su capital—sin embargo, nos inclinamos a creer que en ausencia de alguna prueba más robusta y precisa con respecto al verdadero estado financiero del demandado y dándole a él el beneficio de cualquier duda razonable sobre este extremo, una cantidad algo menos de la suma fijada por la corte de distrito como mensualidad sería quizá más justa y equitativa.

POR TANTO, se modifica la sentencia apelada en su parte dispositiva en el sentido de condenar al demandado, Salvador Vieta Puig, a satisfacer a su hijo menor, Tito René Vieta Sierra, por conducto de su señora madre, Alejandrina Sierra, la suma de $40 mensuales, en vez de los $50 mensuales, al pago de los cuales fué condenado por la Corte de Distrito de Humacao, y así modificada, se confirma dicha sentencia.

El Juez Presidente Sr. Del Toro no intervino.